UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ingram Barge Company,

    Plaintiff,

    v.

David M. Camp,

    Defendant.

Case No. 2:11–cv–636

Judge Michael H. Watson

## OPINION AND ORDER

Plaintiff Ingram Barge Company ("Plaintiff") sues Defendant David M. Camp ("Defendant"), seeking declaratory and injunctive relief. Defendant moves to dismiss. ECF No. 9. For the reasons that follow, the Court **GRANTS** Defendant's motion.

### I. FACTS

Plaintiff is a Tennessee corporation with its principal place of business in Nashville, Tennessee. Compl. ¶ 4, ECF No. 1. Defendant is a resident of Meigs County, Ohio. *Id.* ¶ 5. Plaintiff alleges the following facts.

Defendant worked for Plaintiff as a deckhand or mate since approximately February 2006 and worked on various vessels owned or operated by Plaintiff. *Id.* ¶ 6. On October 30, 2010, Defendant worked as a second mate on one of Plaintiff's towboats. Defendant alleges he fell between twelve and thirteen feet while descending a ladder that reached from a higher floating barge to a lower floating barge. *Id.* ¶ 7. Defendant complained of intense pain, and Plaintiff flew Defendant to the University of Louisville Hospital Emergency Room for treatment. *Id.* ¶ 8.

Defendant was released from the hospital approximately five hours later with no findings of injury. *Id.* Although Defendant stated he was pain free upon discharge, Plaintiff excused Defendant from work for three days. *Id.*

Subsequent to his discharge, Defendant has not returned to work and has continued to seek medical attention and complain of pain. *Id.* ¶¶ 9–10. Plaintiff began to make maintenance payments to Defendant in the amount of $25.00 per day and has paid the medical expenses Defendant alleged were related to the injuries received while working for Plaintiff. *Id.* ¶ 10.

Eventually, Plaintiff began to doubt the veracity of Defendant's medical condition. Plaintiff asked Defendant to provide a factual account of the accident and also hired Simmons Medical Management Inc., who provided Nurse Tracey Mason, to work with Defendant and Defendant's medical providers in an attempt to investigate the condition and assist in coordination of care. *Id.* ¶ 14. Defendant has failed to cooperate with Plaintiff in this regard, and on May 23, 2011, Plaintiff notified Defendant that it would be suspending its maintenance and cure payments. *Id.* ¶¶ 15, 17. On June 14, 2011, after Defendant revoked any authorization for Ms. Mason to participate in his medical treatment, Plaintiff sent another letter stating Plaintiff's belief that Defendant reached maximum medical improvement for some of his alleged injuries and requesting any information supporting the continued need for maintenance and cure for Defendant's other alleged injuries. *Id.* ¶ 19. Defendant has not provided further information to Plaintiff. *Id.* ¶ 20.

## II. PROCEDURAL HISTORY

Plaintiff filed its three-Count complaint on July 18, 2011. Plaintiff appears to bring its claims for damages under tort and contract law. In Count One, Plaintiff alleges Defendant "engaged in willful and/or intentional misconduct or misbehavior with respect to his claim of an alleged accident, and/or his claim of alleged injuries, and/or his claim for maintenance and cure from [Plaintiff] . . . ." Compl. ¶ 22. Count Two alleges that Defendant breached an implied obligation to cooperate with Plaintiff and an implied covenant of good faith and fair dealing. With respect to those Counts, Plaintiff seeks, *inter alia*, declaratory judgment declaring Plaintiff has no obligation to pay maintenance and cure or medical benefits on behalf of Defendant, injunctive relief prohibiting Defendant or his medical providers from submitting further requests for payment, an order requiring Defendant to repay Plaintiff for sums previously submitted to medical providers on Defendant's behalf, and an award of damages, including attorney's fees and costs for instituting this action. Count Three asks that if the Court determines Plaintiff is required to continue to pay maintenance and cure or medical expenses, the Court order Defendant to take several specific actions to cooperate with Plaintiff.

After Plaintiff filed its Complaint, Defendant filed suit in the Kenton County circuit court in the Commonwealth of Kentucky, Case No. 11-C1-2147, under the Jones Act and General Maritime Law seeking, *inter alia*, an award of maintenance and cure payments from Plaintiff for the injuries sustained while moving between the floating barges. Mot. Dismiss , ECF No. 9. The Court notes from a review of the docket that the civil trial is set for August 21, 2012.

## III. DISCUSSION

Defendant argues this Court should dismiss Plaintiff's claims because the complaint was filed in anticipation of Defendant's separate lawsuit against Plaintiff under the Jones Act and General Maritime Law, is merely an attempt at forum shopping and "backdoor removal," and "judicial considerations militate in favor" of dismissal. Mot. Dismiss PAGEID # 49, ECF No. 9.

"District courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). The propriety of declaratory relief concerns the "functions and extent of federal judicial power." *Id.* Such concerns are heightened when there are pending state-court proceedings representing the same issue of state law. *AmSouth Bank v. Dale*, 386 F.3d 763, 784 (6th Cir. 2004).

The United States Court of Appeals for the Sixth Circuit has adopted a five-factor test to determine when a district court should exercise jurisdiction over a declaratory judgment action:

(1) whether the judgment would settle the controversy;

(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";

(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy that is better or more effective.

*AmSouth Bank*, 386 F.3d at 785.

In the case *sub judice*, the first factor weighs neither in favor of retention nor dismissal. Defendant's claims for damages under the Jones Act and for unseaworthiness would remain notwithstanding a decision by this Court as to Plaintiff's maintenance and cure obligations, but those claims could be joined as a counterclaim to this action and decided herein.

The second factor, however, weighs in favor of dismissal. The Sixth Circuit has held "[n]ormally, when a putative tortfeasor sues an injured party for a declaration of nonliability, courts will decline to hear the action in favor of a subsequently-filed coercive action by the 'natural plaintiff.'" *Id.* at 786 (citing 10B Wright, Miller, Mary Kay Kane § 2765 (3d ed. 1998)). There is an exception to this general rule "when some additional harm, not merely waiting for the natural plaintiff to sue, will befall the declaratory plaintiff in the meantime." *Id.* Plaintiff has not demonstrated any such harm.

In *Hornbeck Offshore Transportation, LLC v. Perez*, No. 3:10-cv-368, 2010 WL 1742100-another action involving a motion to dismiss an employer's suit for a declaratory judgment that maintenance and cure payments were not owed an employee seaman—the United States District Court for the Northern District of Ohio held that the second factor weighed in favor of dismissal because the plaintiffs had other options besides filing a suit, such as investigating the defendant's claim and responding to the plaintiff's allegations. Plaintiff argues that here, it did investigate Defendant's allegations, going as far as retaining a nurse to investigate Defendant's medical complaints. Plaintiff therefore seeks to distinguish this case from *Hornbeck* by arguing

that unlike the plaintiff in *Hornbeck*, Plaintiff here only has the options of acquiescing to Defendant's demands or filing suit in federal court to clarify its legal obligations to Defendant. Plaintiff has a third option, however, which is to defend against Defendant's subsequently-filed suit. Plaintiff has not argued it is unable to bring its claims for repayment of previous payments and damages as counterclaims in that suit.

The third factor also weighs in favor of dismissal as the only plausible purpose of this declaratory judgment action is to argue res judicata in Defendant's Kentucky case. Neither party discusses which forum would be more convenient for witnesses or evidence, and nothing suggests Ohio is a better forum. Defendant is an Ohio resident, but he initiated his suit in Kentucky and prefers the controversy be decided there. In addition, Plaintiff is a Tennessee Corporation, and is therefore closer to Kentucky than Ohio. Moreover, Defendant states the injury occurred in the territorial waters of Kentucky. Mot. Dismiss 3, ECF No. 9. The Complaint alleges that when Defendant was injured, he was taken to the University of Louisville hospital. Accordingly, it is safe to infer that evidence related to at least Defendant's initial treatment is located in Kentucky.

In sum, the more convenient forum for both parties is likely Kentucky, which indicates the suit *sub judice* may be mere "procedural fencing." *See Hornbeck Offshore Trasnsp.*, 2010 WL 1742100, at *2 (considering convenience of witnesses and evidence in analysis of third factor); *See also Belle Pass Towing Corp. v. Cheramie*, 763 F. Supp. 1348, 1355 (E.D. La. 1991) ("absent bad faith on the part of the defendant-employee in the federal court, a properly filed Jones Act suit *requires* dismissal of a declaratory judgment action which arises out of the same set of facts. . .

. [T]his result is mandated because of the nature of the Savings to Suitors Clause, and because of the possible preclusive effects maintaining such an action would have on a suitor's Jones Act case in another court."). Moreover, a decision by this Court as to Plaintiff's obligations to pay maintenance and cure could have potentially significant res judicata effects on Defendant's State court case. Therefore, the third factor weighs in favor of dismissal.

The fourth factor–considering the friction between state and federal courts–involves three sub-factors:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 560 (6th Cir. 2008).

Here, the factual determinations are essential to the determination of liability—the way in which Defendant was injured and his willingness to cooperate with the investigation of Plaintiff into his treatment are necessary to evaluating liability in both the federal and state cases. Moreover, those factual issues are identical in both cases. Second, both this Court and the Kentucky state court are equipped to evaluate the factual issues, but as mentioned above, the evidence and witnesses are likely closer to the Kentucky court. Last, there is no state law or policy that would be better applied by a Kentucky court than this Court. Weighing all three sub-factors, it appears that the fourth factor does not weigh for or against dismissal.

Finally, the fifth factor is neutral. Both Plaintiff and Defendant would have adequate remedies by filing counterclaims in either court.

Because three of the factors are neutral and two favor dismissal, the Court declines to exercise jurisdiction over Plaintiff's request for declaratory relief.

In the alternative, Plaintiff asks the Court to stay the case, rather than dismiss it, citing the need for a speedy resolution of the issue. Opp. Br. 7, ECF No. 11. As mentioned, the Kentucky case is set for trial August 21, 2012. That case should resolve the pending issue of Plaintiff's obligation to pay maintenance and cure. The Court therefore sees no need to stay the case.

## IV. DISPOSITION

For the above reasons, the Court **GRANTS** Defendant's motion to dismiss, ECF No. 9, and the Clerk shall terminate the case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**